UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re: CASHCO, INC.,          No. 18-11968-j7
A New Mexico Corporation,

      Debtor.

PHILIP J. MONTOYA, as chapter
7 trustee of the Cashco, Inc. bankruptcy estate,

      Plaintiff,

v.                                                            Adversary No. 19-1070-j

STEPHEN P. CURTIS, and
STEPHEN P. CURTIS, ATTORNEY
AT LAW, P.C.,

      Defendants.

## MEMORANDUM OPINION

THIS MATTER is before the Court on the Motion to Abstain and Remand to State Court ("Motion for Abstention and Remand") filed by the Plaintiff, Philip J. Montoya, as Chapter 7 Trustee of the Cashco, Inc. bankruptcy estate ("Trustee"), by and through his attorney of record, Damon B. Ely. *See* Docket No. 8. Defendants Stephen P. Curtis and Stephen P. Curtis, Attorney at Law (the "Curtis Firm") (together, the "Curtis Defendants"), oppose the Motion for Abstention and Remand. *See* Docket Nos. 13 and 16. The Court held oral argument on the Motion for Abstention and Remand and took the matter under advisement. For the reasons explained below, the Court will abstain from hearing this adversary proceeding under the mandatory abstention provisions of 28 U.S.C. § 1334. Alternatively, the Court will exercise its discretion to permissively abstain.

## BACKGROUND AND PROCEDURAL HISTORY

Cashco, Inc. ("Cashco" or "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on August 6, 2018, and Philip J. Montoya was appointed as Trustee. Before Cashco filed for bankruptcy protection, Matthew Kitts, on behalf of himself and all others similarly situated, filed a class-action suit against Cashco and other related entities in state court (the "Class Action Suit"). Mr. Curtis and the Curtis Firm represented Cashco in the Class Action Suit. In the Class Action Suit, the state court entered an order imposing monetary sanctions against Cashco, other related entities, and Mr. Curtis, personally (the "Sanctions Order").[1] The Sanctions Order required Cashco and other related entities to pay $20,000 to Mr. Kitts and $25,000 each to two Albuquerque charities.[2] *Id.* Instead of paying the sanctions amounts to Mr. Kitts and the Charities, Cashco deposited $70,000 into the state court's registry.[3] The $70,000 remains in the state court's registry.

About a year after the bankruptcy filing, on August 8, 2019, the Trustee filed a complaint against Mr. Curtis and the Curtis Firm in the Second Judicial District Court as Cause No. D-202-CV-2019-06317 (the "State Court Action"). The State Court Action asserts claims for legal malpractice and breach of fiduciary duty based on Mr. Curtis and the Curtis Firm's representation of Cashco in the Class Action Suit. The Curtis Defendants removed the State Court Action to this Court, initiating this adversary proceeding. *See* Docket No. 1. Following removal, the Curtis Defendants filed a Motion to Dismiss. *See* Docket No. 2. The Trustee subsequently filed the Motion for Remand and Abstention. *See* Docket No. 8. The Court determined that it should defer

---

[1] *See* Adversary Proceeding No. 18-1055-j, Docket No. 10, Exhibit I.
[2] The Sanctions Order also required Mr. Curtis, individually, to pay $5,000 to another Albuquerque charity. *Id.*
[3] The Curtis Defendants reference the $70,000 on deposit in the state court's registry in Defendants' Response to Motion to Abstain and Remand to State Court and in the Supplemental Response to Motion for Remand and Abstention. *See* Docket Nos. 13 and 16. *See also* Motion to Dismiss and attached exhibits (Docket No. 2).

ruling on the Motion to Dismiss until after resolution of the Motion for Remand and Abstention. *See* Docket No. 12.

DISCUSSION

The State Law Action raises state law claims for legal malpractice and breach of fiduciary duty. The Trustee asserts that mandatory abstention requires this Court to abstain and requests the Court to remand this adversary proceeding to state court. The abstention provisions applicable to cases and proceedings in the bankruptcy court are found as part of the jurisdictional provisions of title 28. The mandatory abstention statute provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United states absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

To fall within the mandatory abstention statute, the claim or cause of action must fall within the Court's "related to" jurisdiction under 28 U.S.C. § 1334(b). 28 U.S.C. § 1334(c)(2).[4] Proceedings that fall within the Court's "related to" jurisdiction are "non-core" proceedings. *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 771 (10th Cir. BAP 1997). "Non-core" proceedings primarily "encompass tort, contract, and other legal claims by and against the debtor, claims that, were it not for the bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others[.]" *In re Zale Corp.*, 62 F.3d 746, 752 (5th Cir. 1995) (quoting *Zerand-Bernal Group, Inc.*

---

[4] *See also TMBC, LLC v. McGuire (In re McGuire)*, No. 13-21054, 2014 WL 322045, at *4 (Bankr. D. Kan. Jan. 28, 2014) ("Mandatory abstention applies only to 'a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11.'") (quoting 28 U.S.C. § 1334(c)(2)); *In re George Love Farming, LLC*, 438 B.R. 354, *8 n. 42 (10th Cir. BAP 2010), *aff'd sob nom. In re George Love Farming, LC*, 420 F. App'x 788 (10th Cir. 2011) ("Mandatory abstention applies only to non-core 'related-to' proceedings") (citing *In re S.G. Phillips Constructors, Inc.*, 45 F.3d 702, 708 (2d Cir. 1995)).

*v. Cox*, 23 F.3d 159, 161-62 (7th Cir. 1994)). *See also Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990) ("Related proceedings are civil proceedings that, in the absence of a bankruptcy petition, could have been brought in a district or state court.") (citation omitted).

In contrast, proceedings "arising under title 11 or arising in a case under title 11" are "core" proceedings. *Midgard,* 204 B.R. at 771. *See also Stern v. Marshall*, 564 U.S. 462, 476 (2011) ("[C]ore proceedings are those that arise in a bankruptcy case or under Title 11."). Examples of core proceedings are enumerated in 28 U.S.C. § 157(b)(2), and include

> other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or equity security holder relationship, except personal injury tort or wrongful death claims.

28 U.S.C. § 157(b)(2)(O).

Core proceedings are not subject to mandatory abstention. *See In re Telluride Income Growth, L.P.*, 364 B.R. 390, 398 (10th Cir. BAP 2007) ("Section 1334(c)(2) pertains only to non-core matters and provides guidelines for when a bankruptcy court must abstain . . . ."); *Smith Mech. Contractors, Inc. v. Premier Hotel Dev. Grp. (In re Premier Hotel Dev. Grp.)*, 270 B.R. 243, 250 (Bankr. E.D. Tenn. 2001) ("[M]andatory abstention does not apply to core proceedings . . . .").

*Whether this Adversary Proceeding is a "core" or a "non-core" proceeding*

"Core" proceedings are proceedings that involve rights created by bankruptcy law, or proceedings that would only arise within a bankruptcy case. *See Gardner*, 913 F.2d at 1518 ("Core proceedings are proceedings which have no existence outside of bankruptcy.") (citation omitted). The Curtis Defendants assert that this adversary proceeding is a core proceeding not subject to mandatory abstention for two reasons: 1) the result of this adversary proceeding will affect the liquidation of the assets of bankruptcy estate; and 2) whether the $70,000 in the state

court's registry constitutes bankruptcy estate property is implicated by the Curtis Defendants' defense to this adversary proceeding and is an issue that must be decided by the bankruptcy court.

The Court rejects the Curtis Defendants' assertion that this adversary proceeding is a core proceeding because the outcome may affect the liquidation of estate assets, arguably fitting within the literal definition of 28 U.S.C. § 157(b)(2)(O). Merely because the bankruptcy estate has the potential to recover funds as a result of this adversary proceeding does not render the proceeding "core." *Cf. Peterson v. 610 W. 142 Owners Corp. (In re 610 W. 142 Owners Corp.)*, 219 B.R. 363, 372 (Bankr. S.D.N.Y. 1998) (finding that pre-petition state law claims "are not core claims under 28 U.S.C. § 157(b)(2)(O) merely because the estate will receive funds that in turn will affect creditors' recoveries, if liability is found."); *Hayim v. Goetz (In re SOL, LLC)*, 419 B.R. 498, 506 (Bankr. D. Fla. 2009) ("[A] matter cannot be deemed to be core merely because the debtor holds a claim, which, if successful, could increase the assets of the estate.") (citing *In re Tidewater Lodging Group, LLC*, No. 08-25694-BKC-RBR, 2009 WL 909417 at *2 (Bankr. S.D. Fla. April 3, 2009)). As the Fifth Circuit observed, an overly broad reading of 28 U.S.C. § 157(O) is unwarranted: "[O]therwise, the entire range of proceedings under bankruptcy jurisdiction would fall within the scope of core proceedings . . . ." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 95 (5th Cir. 1987).

The Tenth Circuit has adopted the test for non-core, "related to" jurisdiction established in *Wood*. *Gardner*, 913 F.2d at 1518. Under that test, Plaintiff's claims for legal malpractice and breach of fiduciary duty are not core proceedings because they "do not depend on the bankruptcy laws for their existence" and "could proceed in another court." *Gardner*, 913 F.2d at 1518 (citing *Wood*, 825 F.2d at 96). Such claims do not invoke any substantive rights created under the Bankruptcy Code. A party "cannot bootstrap prepetition causes of action, premised on state law,

-5-

Case 19-01070-j    Doc 19    Filed 01/29/20    Entered 01/29/20 17:20:31 Page 5 of 15

into the catchall provisions of 28 U.S.C. § 157(b)(2)." *610 W. 142 Owners*, 219 B.R. at 372 (citations omitted). The Court therefore concludes that the Curtis Defendants' attempt to characterize this adversary proceeding as a "core" proceeding under 28 U.S.C. § 157(b)(2)(O) fails.

In defense of the State Court Action, the Curtis Defendants assert that the Plaintiff has not been damaged by the Curtis Defendants' alleged legal malpractice that resulted in the entry of the Sanctions Order because the $70,000 remains on deposit in the state court's registry and the Plaintiff has taken the position that the $70,000 is property of the Debtor's bankruptcy estate. Whether property is property of the bankruptcy estate falls within the Court's "core" jurisdiction. *See* 28 U.S.C. § 157(b)(2)(E) ("Core proceedings include . . . orders to turnover property of the estate[.]"); *Gardner*, 913 F.2d at 1518 ("[D]etermination of whether the marital property is part of the bankruptcy estate is a core proceeding . . . ."); *Central State Bank v. McCabe (In re McCabe)*, 302 B.R. 873, 876 (Bankr. N.D. Iowa 2003) ("Bankruptcy court's core subject matter jurisdiction includes disputes relating to alleged property of the bankruptcy estate.") (citation omitted). In addition, the bankruptcy court has exclusive jurisdiction over property of the bankruptcy estate. *See* 28 U.S.C. § 1334(e)(1) (conferring "exclusive jurisdiction . . . of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate[.]").[5] The Curtis Defendants reason that because their defense implicates issues concerning property of the bankruptcy estate, the entire adversary proceeding is a core proceeding. This Court disagrees.

---

[5] Under 28 U.S.C. § 157(a), the district court "may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a).

Some courts have found that a defendant's affirmative defense of setoff renders an otherwise non-core proceeding a core proceeding. *See, e.g, Commercial Financial Services, Inc. v. Jones (In re Commercial Fin. Services, Inc.),* 251 B.R. 397, 408 (Bankr. N.D. Okla. 2000) (concluding that the court had core jurisdiction over the debtor's breach of contract claim and defendant's setoff defense because the setoff defense invoked the bankruptcy court's core jurisdiction as a claim against the estate); *North American Energy Conservation, Inc. v. Interstate Energy Resources, Inc. (In re N. Am. Energy Conservation, Inc.)*, No. 00-2276, 2000 WL 1514614, at *2 (S.D.N.Y. Oct. 12, 2000) (finding that by pleading setoff claims to the debtor's non-core claims, defendants had in fact asserted a claim against the bankruptcy estate such that the adversary proceeding was a core proceeding); *In re Iridium Operating, LLC,* 285 B.R. 822, 831 (Bankr. S.D.N.Y. 2002) ("[T]he Second Circuit and courts in this district have consistently held adversary proceedings against a creditor that have traditionally been non-core to be core pursuant to §§ 157(b)(2)(B) & (C) due the filing of a proof of claim or counterclaim of set-off/recoupment by that creditor.") (citations omitted).[6] These courts generally reason that a setoff defense is the equivalent of asserting a claim against the bankruptcy estate, and the adjudication of a creditor's claim against the bankruptcy estate is a core proceeding. *See Commercial Fin.*, 251 B.R. at 408. Some courts also reason that an otherwise non-core proceeding can become core when a defendant's core counterclaim involves facts inextricably intertwined with the plaintiff's claims. *See Iridium*, 285 B.R. at 830 (even though several of the asserted claims were traditionally non-core, all of the claims arose from the same operative facts as the core claims and the

---

[6]*Cf. Electric Machinery Enterprises, Inc. v. Hunt Const. Grp., Inc. (In re Elec. Mach. Enters., Inc.)*, 416 B.R. 801, 869 (Bankr. M.D. Fla. 2009) ("The adjudication of a creditor's traditionally non-core claims may be brought within the core jurisdiction of the bankruptcy court by the filing of a formal proof of claim *or* by the filing of a complaint or counterclaim against a debtor in possession in the bankruptcy court. Such a complaint or counterclaim operates as an informal proof of claim against the estate and triggers the claims allowance and disallowance process, which is within the core jurisdiction of the bankruptcy court.").

defendants' proofs of claim; consequently, the court found that the entire adversary proceeding should be treated as core); *McClelland v. Braverman Kaskey & Caprara, P.C. (In re McClelland)*, No. 03-37997 (CGM), 2005 WL 3789130, at *5 (Bankr. S.D.N.Y. July 26, 2005) ("Even traditionally non-core claims can become core claims where they arise from the same operative facts as the basis for the proof of claim."); *Electric Machinery*, 416 B.R. at 871 (by asserting a set-off defense, the creditor "invoked the equitable jurisdiction of the bankruptcy court, transforming this proceeding into a core proceeding under 28 U.S.C. § 157(b)(2)(B)."). These cases are distinguishable from the facts present here.

First, the Curtis Defendants have not asserted a claim against the Debtor's bankruptcy estate. They have not filed proofs of claim in the Debtor's bankruptcy case. Unlike a counterclaim for setoff, the Curtis Defendants' affirmative defense will not require the Court to determine whether or to what extent the Curtis Defendants have a claim against the bankruptcy estate. Nor does their affirmative defense seek to recover anything from the Debtor's bankruptcy estate.

Second, the Trustee has not filed a motion nor commenced an adversary proceeding to determine whether the $70,000 in the state court's registry is property of the Debtor's bankruptcy estate. Even though the disposition of the $70,000 in the state court's registry may affect the amount of damages the Trustee may recover, the resolution of this adversary proceeding will not determine whether the $70,000 is property of the bankruptcy estate. Under 28 U.S.C. § 1334(e), this Court has exclusive jurisdiction to determine whether property is property of the bankruptcy estate. 28 U.S.C. § 1334(e) (exclusive jurisdiction); *Rare, LLC v. Marciano (In re Rare, LLC)*, 298 B.R. 762, 764 (Bankr. D. Colo. 2003) ("[I]t lies within the exclusive province of the bankruptcy courts to determine what interests are part of the estate.") (citations omitted); *Manges v. Atlas (In re Duval Cnty. Ranch Co.)*, 167 B.R. 848, 849 (Bankr. S.D. Tex. 1994) ("Whenever

-8-

there is a dispute regarding whether property is property of the bankruptcy estate, exclusive jurisdiction is in the bankruptcy court.") (citations omitted). That determination can only be made through a separate motion or adversary proceeding filed in this Court seeking turnover of estate property under 11 U.S.C. § 542.

Third, even though the actions that led to the entry of the Sanctions Order form the basis of the Trustee's claims, whether the $70,000 deposited into the state court's registry constitutes bankruptcy estate property is not dependent upon the facts necessary to determine whether the Curtis Defendants committed legal malpractice or breached their fiduciary duty to the Debtor. Consequently, the affirmative defense which implicates a question within the Court's core jurisdiction does not automatically render the entire adversary proceeding core.

"Litigants cannot create core jurisdiction that does not otherwise exist." *Lucre Mgmt. Grp., LLC v. Schempp Real Estate, LLC (In re Schempp Real Estate), LLC*, 303 B.R. 866, 873 (Bankr. D. Colo. 2003). A proceeding that has already "been commenced in state court is, by definition, a non-core proceeding (at best, 'related to') because '[a]ctions . . . which could proceed in another court are not core proceedings.'" *Id.* (quoting *Gardner,* 913 F.2d at 1518). Simply because the Curtis Defendants' defense implicates alleged bankruptcy estate property does not change this adversary proceeding from non-core to core. As the *Schempp* court noted, the recharacterization of a proceeding to fit within the categories of core proceedings enumerated in 27 U.S.C. § 157(b)(2) cannot change the fact that a proceeding first initiated in state court clearly stands on its own outside of the bankruptcy case. *Id.* at 874. An affirmative defense that raises arguably core matters cannot automatically transmogrify an otherwise non-core proceeding into a core proceeding. *Cf. Souther v. Bacon Cnty. Health Servs. Inc. (In re Matrix Imaging Servs. Inc.)*, 479 B.R. 182, 191 (Bankr. S.D. Ga. 2012) (concluding that the complaint remained non-core

regardless of defendant's core counterclaim. "[A] non-core complaint does not 'by simple entanglement with a core claim transmogrify[y] into a core claim on which a bankruptcy judge can enter a final judgment.'") (quoting *Hunt Const. Grp., Inc. v. Elec. Mach. Enters., Inc. (In re Elec. Mach. Enters., Inc.),* 474 B.R. 778, 782 (M.D. Fla. 2012)).

The Court concludes that the adversary proceeding which asserts state law causes of action remains non-core despite the Curtis Defendants' affirmative defense that the Plaintiff has not been damaged because the sanctions award on deposit in the state court's registry may be determined to be property of the bankruptcy estate. The Trustee's claims are merely "related to" the Debtor's bankruptcy case because the outcome of the adversary proceeding could conceivably have an effect on the bankruptcy estate. *See Gardner*, 913 F.2d at 1518 (a proceeding is related-to the bankruptcy if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.") (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)). In sum, even though the Curtis Defendants assert defenses which implicate "core" claims, this adversary proceeding is a "non-core" proceeding subject to mandatory abstention.

*Mandatory Abstention Elements*

Mandatory abstention requires satisfaction of the following elements:

(1) the motion for abstention must be timely; (2) the proceeding is based on state law; (3) the proceeding is a non-core "related to" proceeding; (4) there is no other basis for federal jurisdiction other than 28 U.S.C. § 1334; (5) an action is pending in state court; and (6) the proceeding can be timely adjudicated in state court.

*Midgard,* 204 B.R. at 776-80.[7]

---

[7] *See also Telluride Income*, 364 B.R. at 398 ("Mandatory abstention applies when all of the following elements are present: (1) the motion to abstain was timely; (2) the action is based on state law; (3) an action has been commenced in state court; (4) the action can be timely adjudicated in state court; (5) there is no independent basis for federal jurisdiction other than bankruptcy; (6) the matter is non-core.") (citation omitted).

All elements have been satisfied. First, the Motion for Remand and Abstention was timely filed. Neither the statute nor any rule fixes a deadline for filing a motion for abstention. *In re 4 Front Petroleum, Inc.*, 345 B.R. 744, 749 (Bankr. N.D. Okla. 2006). A party timely moves for abstention if the motion is filed "as soon as possible after he or she should have learned the grounds for such a motion." *Midgard,* 204 B.R. at 776 (quoting *Novak v. Lorenz (In re Novak),* 116 B.R. 626, 628 (N.D. Ill. 1990)). The Curtis defendants removed the State Court Action on September 17, 2019. The Trustee filed a Motion to Abstain and Remand to State Court less than a week later, on September 23, 2019 (Docket No. 4), and a second Motion for Abstention and Remand on October 3, 2019 (Docket No. 8), the same date the Court set an initial status conference in this removed adversary proceeding. Based on the timing of the Motion (s)for Abstention and Remand and the procedural posture of the removed adversary proceeding at the time the motions were filed, the Court finds and concludes that request for abstention is timely.

Second, the proceeding is based on state law claims. The State Court Action raises state law claims for legal malpractice and breach of fiduciary duty. There is no basis for federal jurisdiction other than 28 U.S.C. § 1334 because the claims in the State Court Action do not assert claims based on any federal statute. The parties to the State Court Action are from the same jurisdiction and, therefore, do not satisfy the diversity requirements for federal court jurisdiction. *See* 28 U.S.C. § 1332 (federal diversity jurisdiction). Third, as determined above, this adversary proceeding is a non-core proceeding that falls within this Court's "related to" jurisdiction because its outcome could conceivable have an effect on the bankruptcy estate. Fourth, there is a state court action pending, namely, the State Court Action, which was removed to this Court, initiating this adversary proceeding.

Fifth, the proceeding can be timely adjudicated in state court. Although the relative backlog of the courts' calendars is relevant, timeliness under mandatory abstention does not hinge solely upon which court will likely resolve the dispute the soonest. *See Midgard,* 204 B.R. at 778-79 (enumerating several factors, some or all of which the court may consider).[8] Rather, "[t]he primary focus of the timeliness prong is whether allowing the case to stay in state court will adversely affect the bankruptcy case." *Schempp,* 303 B.R. at 874. The Cashco bankruptcy case is a liquidation case, and there are not many assets to administer. Adjudication of the State Court Action in state court can be completed without adversely affecting the Cashco bankruptcy case. There is no evidence before the Court that the state court will be unable to resolve the claims in a timely fashion or that a delay in the resolution of the State Court Action will unduly affect the administration of the Debtor's bankruptcy estate.

Finally, Plaintiff has requested a jury trial in the State Court Action. This factor weighs in favor of abstention under the timely adjudication rubric. Thus, the Court finds and concludes that mandatory abstention applies.

*Permissive Abstention*

Alternatively, the Court finds that permissive abstention is appropriate. A court may abstain from both core and non-core matters when abstention best serves the interest of justice, judicial economy, or comity with state courts. *Telluride Income*, 364 B.R. at 398 ("Section

---

[8] The enumerated factors are:
    (1) backlog of the state court and federal court calendar;
    (2) status of the proceeding in state court prior to being removed (i.e., whether discovery had been commenced);
    (3) status of the proceeding in the bankruptcy court;
    (4) the complexity of the issues to be resolved;
    (5) whether the parties consent to the bankruptcy court entering judgment in the non-core case;
    (6) whether a jury demand has been made; and
    (7) whether the underlying case is a reorganization or liquidation case.
*Midgard*, 204 B.R. at 778-79.

1334(c)(1) permits abstention from core matters and non-core matters when it is in the 'interest of justice,' judicial economy, or respect for state law . . . ."); *Beneficial Nat'l Bank USA v. Best Receptions Systems, Inc. (In re Best Reception Systems, Inc*.), 220 B.R. 932, 952 (Bankr. E.D. Tenn.1998)("[P]ermissive abstention applies to both non-core related and core proceedings.") (*citing Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195, 1206 (5th Cir.1996) (remaining citations omitted)).

The permissive abstention statute provides, in relevant part:

> [N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).

Whether to abstain under 11 U.S.C. § 1334(c)(1) falls within the Court's broad discretion. *Gilbane Bldg. Co. v. Air Systems Inc. (In re Encompass Servs., Corp.)*, 337 B.R. 864, 877 (Bankr. S.D. Tex. 2006) ("The decision to abstain is left up to the broad discretion of the bankruptcy court.") (citing *Wood,* 825 F.2d at 93). Factors relevant to a court's consideration of whether to exercise its discretion to abstain include:

> (1) the effect that abstention would have on the efficient administration of bankruptcy estate; (2) the extent to which state law issues predominate; (3) the difficulty or unsettled nature of applicable state law; (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court; (5) the federal jurisdictional basis of the proceeding; (6) the degree of relatedness of the proceeding to the main bankruptcy case; (7) the substance of asserted "core" proceeding; (8) the feasibility of severing the state law claims; (9) the burden the proceeding places on the bankruptcy court's docket; (10) the likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of parties; (11) the existence of a right to jury trial; and (12) the presence of nondebtor parties in the proceeding.

*Commercial Fin.*, 251 B.R. at 413-14.

On the whole, the permissive abstention factors weigh in favor of abstention. Abstention will not have an adverse effect on the efficient administration of the bankruptcy estate. The debtor's bankruptcy case is a liquidation case with few assets to administer. If the Plaintiff prevails in the State Court Action, Plaintiff can make a distribution from the recovery to in accordance with the Bankruptcy Code. The State Court Action raises strictly state law claims of legal malpractice and breach of fiduciary duty, issues which the state court is well equipped to handle. The third factor, difficulty or unsettled nature of applicable state law, does not weigh heavily in favor of permissive abstention. Fourth, a proceeding has already been commenced in state court. The Court's federal jurisdiction is based on the Court's related-to jurisdiction because the outcome could conceivably have an effect on the bankruptcy estate. *Gardner*, 913 F.2d at 1518. But for the bankruptcy case, this Court would not have jurisdiction over Plaintiff's state law legal malpractice and breach of fiduciary duty claims. By removing the State Court Action to this Court, Defendant has expressed a preference that this Court, rather than the state court hear the Plaintiff's claims. Finally, Plaintiff has requested a jury trial in the State Court Action. The remaining factors are either inapplicable or neutral.

CONCLUSION

Based on the foregoing, the Court will abstain from hearing this adversary proceeding. Consequently, remand under 28 U.S.C. § 1452[9] is appropriate. *See Premier Hotel*, 270 B.R. at 258 ("[T]he presence of factors suggesting discretionary abstention pursuant to 1334(c)(1) and factors requiring mandatory abstention under 1334(c)(2) provide[ ] ample equitable grounds for

---

[9] Section 1452(b) of title 28 provides:
    The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.
28 U.S.C. § 1452(b).

remand of the lawsuit to state court.") (quoting *Roddam v. Metro Loans, Inc. (In re Roddam)*, 193 B.R. 971, 981 (Bankr. N.D. Ala. 1996)); *Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 785 (E.D. Tex. 2001) ("[A] . . . bankruptcy court may find that remand is appropriate in a case removed on bankruptcy grounds whether it is 'core' or 'non-core' if there is any equitable ground for doing so."); *cf. Midgard*, 204 B.R. at 775-76 (concluding that if abstention is required under 28 U.S.C. § 1334(c)(2), the court has the power to remand under 28 U.S.C. § 1452(b)).

The Court will enter an order consistent with this Memorandum Opinion.[10]

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: January 29, 2020

COPY TO:

Daymon Brandeis Ely
Law Office of Daymon B. Ely
Attorney for Plaintiff
1228 Central Ave. SW
Albuquerque, NM 87102

Stephen P. Curtis
Stephen P. Curtis, Attorney at Law, P.C.
Attorney for Defendants
6747 Academy Rd. NE, Suite D
Albuquerque, NM 87109

---

[10] The Court realizes that by abstaining and remanding it creates the possibility of inconsistent results if the state court were to find liability and award $70,000 in damages and this Court subsequently ruled that the $70,000 in the state court's registry is property of the estate. This result can be avoided. If the Trustee files a motion or adversary proceeding asking this Court to determine whether the funds are estate property, that determination can be made relatively expeditiously. The state court could await that decision before conducting a trial.

-15-

Case 19-01070-j    Doc 19    Filed 01/29/20    Entered 01/29/20 17:20:31 Page 15 of 15